CASE 57—PETITION ORDINARY—FEBRUARY 20.

## Collopy v. Cloherty.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. POWER OF CITY COUNCIL TO CREATE OFFICE.—The provision in a city charter that the legislative, executive and ministerial power of said city shall be vested in certain officers named, "and such necessary deputies or assistants as may be required," can not be construed as denying authority to the Board of Councilmen to create other offices besides those enumerated in that section, and this would be true even if the power to appoint necessary deputies or assistants was not given in express terms. Therefore, notwithstanding such a provision in a city charter, the Board of Councilmen had power to create the office of "foreman of street repairs and overseer of the poor," such an office or offices being necessary to carry out the provisions of the charter.

2. SUIT TO RECOVER OFFICE.—In this action to recover such an office, it was not necessary for the plaintiff to set forth in his petition the entire ordinance of the Board of Councilmen creating the office in question, but to state substantially only so much thereof as is necessary to show *prima facie* his title and right to recover. Nor was it necessary for plaintiff to allege in terms he was eligible to the place, as it was not the duty of the Board of Councilmen to prescribe in terms any specific conditions or qualifications for such an office.

3. SAME.—As it is alleged a quorum of the Board of Councilmen was present when plaintiff was elected to the office, and he received a majority

of the votes, all was alleged that was necessary on the subject, for whether a majority of a quorum was a sufficient number of votes to elect is a question to be determined by reference to the charter, and about which there can be no controversy.

ROOT & ROOT FOR APPELLANT.

1. Appellant having received a plurality of the votes cast, or a majority of the quorum, was elected. (Morton v. Yungerman, 11 Ky. Law Rep., 886; 1 Dillon on Mun. Corp., p. 334; section 23 of the Revised and Amended Charter of the City of Newport, approved February 17, 1874.)
2. The city had authority to enact the ordinance under consideration. The legislative grant of powers to the council over the streets, &c., of the City of Newport is plenary and absolute. (Section 12 of charter of February 17, 1874.)

CHARLES J. HELM FOR APPELLEE.

1. The petition is defective in that it does not set forth in *hæc verba* or in substance the ordinance creating the office of foreman of street repairs, and overseer of the poor. Courts do not take judicial notice of ordinances of towns and cities.
2. There was no authority in the City of Newport to create offices. (Hawkins' Laws of Newport, sec. 4, p. 17.)
3. The petition is further defective in that it fails to allege the facts from which the court can know appellant to have been eligible to be elected to the office, and also fails to allege that a majority of a quorum was a sufficient number of votes to elect under the rules of the body.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant brought this action to recover possession of the office of "foreman of street repairs and overseer of the poor," in the City of Newport, alleged to have been usurped and then illegally held by appellee. And this is an appeal from a judgment sustaining general demurrer to the petition, and dismissing the action.

1. It was not, as argued by counsel, necessary to set forth the entire ordinance of the Board of Councilmen creating the office in question, but to state, substantially, only so much thereof as is necessary to show *prima facie* his title and right to recover. It is alleged that in 1888 an ordi-

nance was duly passed by said board providing for election of a person to act as foreman of street repairs and overseer of the poor in that city; and also sufficiently stated that the term of the office was to be for one year, beginning first day of each February.    That one Roll was, in January, 1891, elected for one term, but before expiration thereof tendered his resignation, which was accepted, and appellee was thereupon appointed by the Board of Councilmen to hold said office, thus made vacant, during residue of the term ending February 1, 1892.    That in January the Board of Councilmen duly elected appellant to said office for the term beginning February 1, 1892, and ending February 1, 1893.    Whereupon he took the oath of office and executed the bond required by law.    But that although he thereafter, and in due time, demanded of appellee possession of the office, he refused, and still illegally holds it.    It seems to us there is enough stated in that connection to constitute a cause action, if the petition be not defective in any other respect.

2. It is contended the Board of Councilmen had no authority to create the office in question, because it is not mentioned or provided for in the following section of the charter:    " The legislative, executive and ministerial power of said city shall be vested in a Mayor and a Board of Councilmen, consisting of two members from each ward, a City Clerk, Treasurer, Attorney, Engineer, Marshal, Physician, Assessor, Market Master, Weigher and Measurer, Wharf Master and Jailer, and *such necessary deputies or assistants as may be required;* each to possess the qualifications and serve for the terms hereinafter prescribed."

It would be an unreasonable construction of the charter to deny authority to the Board of Councilmen to create other offices besides those enumerated in that section, even if the power to appoint necessary deputies or assistants was not thereby in express terms given.  For it would result that there could be neither a keeper of a poorhouse, workhouse or of a police station, although by section 6 of the charter each one of these places is provided for, and the Board of Councilmen is empowered to appoint officers to manage and superintend them. And though authority to create the office of foreman of street repairs is not so expressly given, still, as by section 12, public ways in said city are put under exclusive management and control of the Board of Councilmen, and improvements may be made and done as prescribed, either by *ordinance* or contract, power to create all offices necessary to successful conduct of the business, when done by ordinance, must be necessarily implied.  In our opinion, therefore, the Board of Councilmen had authority to create the office in question, and to require of an incumbent to perform the duties of foreman of street repairs, and also those of a keeper of the poorhouse.

3. It does not seem to us to have been necessary for appellant to allege in terms he was eligible to the place, for it was not the duty of the Board of Councilmen to prescribe in terms any specific conditions or qualifications for such an office, and consequently the election of appellant, which he alleges took place duly and regularly, is conclusive in this case of his eligibility.

4. It is alleged a quorum of the Board of Councilmen was present when appellant was elected to the office, and he received a majority of the votes, which was, we think,

all he need have alleged on that subject. For whether a majority of a quorum was sufficient number of votes to elect is a question to be determined by reference to the charter and rules of the board not inconsistent therewith.

In our opinion all facts necessary to constitute a cause of action in favor of appellant against appellee were stated in the petition, and it was error to sustain the general demurrer.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.